**NOT FOR PUBLICATION**                                                                 **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM H. MOORE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEVON BROWN, et al., <br><br> Defendants. | Civil Action No. 05-2179 (JLL) <br><br> **MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1. Plaintiff William Moore was an involuntary committee under New Jersey's Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4- 27:24, et seq. and was confined at the Special Treatment Unit ("STU") in Avenel, New Jersey at the time the Complaint was filed. (Defs.' Mot. Summ. J. Statement of Undisputed Material Facts ("Stmt.") ¶ 1.) Plaintiff Mary Ann Hysler is Plaintiff Moore's fiancée. (Compl. ¶ 7.)

2. In 1993, Mr. Moore was arrested and charged with aggravated sexual assault. (*Id.* at ¶ 3.) In 1994, he pled guilty to one count of second degree sexual assault and was sentenced to eight years at the Adult Diagnostic and Treatment Center. (*Id.*) Mr. Moore refused therapy from non-"Born-Again" therapists because the therapy was "ungodly" and as a result, Mr. Moore was on "treatment refusal" status for most of his time at ADTC. (*Id.*)

3. In 1999, Mr. Moore was civilly committed to the Ann Klein Forensic Center ("AKFC") under the general civil commitment statute since the SVPA was not yet enacted. (*Id.* at ¶ 4.) Mr. Moore continued to refuse to participate in group therapy or relapse prevention

therapy on the basis of his religious convictions. (*Id.*) In 2000, the State filed a petition under the SVPA to have Mr. Moore committed as a sexually violent predator. (*Id.* at ¶ 5.) Following a hearing, Mr. Moore was committed and did not appeal. (*Id.*) At Mr. Moore's annual review of commitment hearing in July 2001, presided over by the Honorable Serena Perretti, J.S.C., Mr. Moore complained that he refused treatment because the available treatment contravened his religious beliefs. (*Id.* at ¶ 6.) Following a hearing at which witnesses for the State and Mr. Moore testified, Judge Perretti concluded that the State had proved by clear and convincing evidence that Mr. Moore remained a dangerous sexually violent predator. (*Id.*) Mr. Moore appealed the judgment of commitment and on January 2, 2003, the Appellate Division remanded the case for further consideration in light of a recently decided New Jersey Supreme Court case on the burden of proof. (*Id.* at ¶ 8.) On remand, Judge Perretti again concluded that the State had met its burden and recommitted Mr. Moore. (*Id.*) Mr. Moore then appealed to the Appellate Division. (*Id.*) On April 5, 2004, the Appellate Division affirmed Judge Perretti's decision and the New Jersey Supreme Court denied certification. (*Id.* at ¶ 10.)

4. On March 9, 2001, prior to the commencement of the instant case, a complaint was filed in *Alves v. Ferguson*, Civil Action No. 01-789 (DMC). (*Id.* at ¶ 11.) That complaint sought class action status and alleged unconstitutional conditions of confinement in the STU, as well as unconstitutional sex offender treatment. (*Id.*) The complaint in this case was filed on April 21, 2005. (*Id.* at ¶ 12.) The first three counts of the instant Complaint mirrored claims made in the *Alves* case, so the treatment-related claims in the instant matter were consolidated with *Alves*. (*Id.* at ¶¶ 12-13.) The remaining two claims, Counts Four and Five, relate to violation of Mr. Moore's religious rights and violation of the right to marry, respectively. (Compl ¶¶ 166-186.)

2

5. After the *Alves* matter was settled, on March 26, 2013, the judge entered an order severing counts 4 and 5 of the instant complaint from *Alves* and reinstated them to the active docket. (ECF No. 35.)

6. During the time that this case has been pending, Mr. Moore began participating in treatment offered by the STU and on June 26, 2014, the New Jersey Superior Court entered an order conditionally discharging Plaintiff from the STU. (Defs.' Supp. Ltr. 3, June 26, 2014, ECF No. 53-1.)

7. Under Article III, Section 2 of the United States Constitution, the jurisdiction of federal courts is limited to "cases" and "controversies." U.S. Const. art. III, § 2. The Supreme Court has interpreted this limitation as "restrict[ing] the authority of federal courts to resolving 'the legal rights of litigants in actual controversies.'" *Genesis Healthcare Corp. v. Symczyk*, —— U.S. ——, ——, 133 S.Ct. 1523, 1528, 185 L.Ed.2d 636 (2013) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)). The case or controversy must not only exist at the time of the complaint's filing but must be extant throughout the duration of the litigation. *Symczyk*, 133 S.Ct. at 1528. Thus, if "the issues presented in a case are no longer 'live' or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction." *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004). A court may dismiss a case *sua sponte* on grounds of mootness. *New Jersey Tpk. Auth. v. Jersey Central Power & Light*, 772 F.2d 25, 30 (3d Cir. 1985).

8. In Courts Four and Five of the Complaint, Plaintiffs seek only injunctive and declaratory relief and attorneys' fees pursuant to 42 U.S.C. § 1988. Plaintiffs' claims for injunctive relief relate to the requirement that Mr. Moore participate in non-religious treatment as

3

a pre-requisite to his release and Defendants' refusal to permit Plaintiffs to marry. Since Plaintiff Moore has now been released from the STU, Plaintiffs' claims for injunctive and declaratory relief are moot as Plaintiff Moore is no longer required to participate in non-religious treatment and Plaintiffs are free to marry. Plaintiffs were only seeking an injunction to prevent Plaintiff Moore from having to participate in treatment that was in violation of his religious beliefs and to permit Plaintiffs Hysler and Moore to marry. Plaintiff Moore has now been released and an injunction regarding his previous treatment and their right to marry is unnecessary. *See Johnson v. Wenerowicz*, 440 F. App'x 60, 62 (3d Cir. 2011) ("Johnson's requests for injunctive and declaratory relief against the named DOC defendants were rendered moot by his transfer") (citing *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003), *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975), and *Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993)). In sum, any injunctive relief granted by the Court at this time would have no effect on Plaintiffs' current position.

9. With regard to Plaintiffs' argument that their claim for attorneys' fees prevents Counts Four and Five from being dismissed, it is well established that a request for attorneys' fees does not save a claim that otherwise has become moot.

> This interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim. Where on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary judicial pronouncements ... obtained, solely in order to obtain reimbursement of sunk costs.

*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (internal citations omitted).

4

10. For the foregoing reasons, Counts Four and Five—the two counts remaining in Plaintiff's Complaint—are dismissed as moot. This case is hereby closed. An appropriate order follows.

Dated:  July 22, 2014

                                                  Jose L. Linares, U.S.D.J.